Martin, J.
The mere finding that Mrs. Rice “ was the owner in fee simple ” of the mortgaged premises, is too general to enable us to say it was her separate estate. It may have been.her general property. We are. bound to make every presumption consistent with the record in support of the judgment. We therefore accede to the claim made by counsel for defendants, that for the purposes of *445 this inquiry, it must be presumed that. the premises were her general property, and that with respect to it, she had not the enlarged powers of a married woman over her separate estate. ' We need not further notice the claim of priority for the defective mortgage, predicated on the theory that the facts show a charge -in- equity on the premises as her separate estate.
The- omission of the officer to certify the. privy examination of the wife is the only defect in the mortgage. And thus defective, it conveyed no interest whatever as against her subsequent purchasers and judgment creditors. Van Thorniley v. Peters, 26 Ohio St., 471. Bryant, her grantee, and those claiming under him, are not affected by it or its record.
Do the recitals in the deed to Bryant, in connection with the admitted facts, subject the premises to a charge for the mortgage debt and create a priority of lien over the mortgage given by him ? We are of opinion that the facts found clearly evidence such charge and priority.
Rice and wife undoubtedly supposed that the mortgage had been perfectly executed. They intended it to be such. The mistake was not theirs, but that of the officer.
Under the act to give additional security to land titles as amended April 17th, 1857, (S. & C., 694; Rev. Stats., § 5867, etc.) a mistake of the officer in omitting to certify the separate examination of the wife may be corrected. Kilburn v. Fury, 26 Ohio St., 153.
A mortgage thus defective is therefore good and enforceable as between the parties. The statute invests the mortgagee with an equity which he may enforce against the wife.
In this situation she conveyed to Bryant subject to the mortgage. The recitals are particular and style, it a mortgage, and recognize it as an incumbrance and lawful claim on the premises for the full amount.
.A further stipulation that the grantee assumes and promises to pay it, would have had no greater effect in subjecting the premises than was imposed by the recitals as they stand. Bigelow on Est., 307; Lawrence v. Fox, 20 *446 N. Y., 268. There is nothing to show that Bryant had any knowledge of the mistake of the officer, or any desire, at any time, to repudiate the incumbrance. He surely understood the land was bound for it, and it presumably entered into the consideration of his purchase, and he made a small payment on the mortgage note. He took title subject to plaintiff’s claim and is estopped to deny the due execution of the mortgage. Bigelow, supra, and authorities there cited.
Bryant’s mortgage, set up by Remy, Hedges & Walters, rests upon the land thus subjected for the amount of the defective mortgage. The recitals are in the deed under which they claim, and the mere transfer of the notes to them could not affect the superior lien of the plaintiff’s mortgage.
It follows that the district court erred in adjudging priority to the mortgage held by Remy, Hedges & Walters.
'Judgment reversed.